## In re House Bill No. 165.

CONSTITUTIONAL LAW — QUESTIONS SUBMITTED TO SUPREME COURT.— As a general rule questions submitted under section 3 of article 6 of the constitution should be specific; and when the inquiry concerns the constitutionality of a bill, the provision or provisions of the constitution supposed to be in conflict therewith should be indicated.

THE opinion of the court is in response to the following communication from the honorable the house of representatives:

" Whereas, there has been introduced in this body a bill known as ' House Bill No. 165,' entitled ' A bill for an act to provide for the creation of districts to be benefited by certain public improvements, and of a bonded indebtedness for the purpose of making such improvements,' a copy of which is hereto attached:

" Therefore be it resolved by the house of representatives, that the supreme court of this state be requested to give its opinion of the constitutionality of said bill."

PER CURIAM. The bill of which the opinion of the court is requested contains eighteen sections, several of which are quite lengthy and much involved. Its provisions are novel, and out of the ordinary channel of legislation in this

state. If the bill should be adopted by the general assembly it would doubtless give rise to controversies involving various constitutional questions. The request for the opinion of this court by the vote of the house implies the existence of doubt in the minds of members as to the constitutionality of the proposed measure, and yet neither the preamble nor resolution gives any intimation as to what provision or provisions of the bill and of the constitution are supposed to be in conflict. We are not informed, therefore, of the particular matter to which our attention is invited; nor can we determine the direction in which to pursue an investigation. The points of contact, and perhaps of conflict, between a bill of such proportions and peculiarities and a constitution containing hundreds of sections may be numerous. It would be quite impossible for us to anticipate, much less to decide, all of them upon a general question submitted *ex parte.* See senate resolution, *In re Irrigation,* 9 Colo. 621.

Should we attempt to give our views upon the constitutionality of the bill submitted, without more specific inquiry, we might devote a great deal of time and space to matters about which the honorable members of the house have no doubts, and still omit to consider the very question or questions upon which our opinion is desired. When the constitutionality of a statutory enactment is challenged in this court in ordinary litigation, our attention is uniformly directed to some specific constitutional provision, and our opinion is limited accordingly.

For these reasons we respectfully request that the honorable house favor us by indicating the particular provision of the constitution which they desired considered in connection with the bill submitted.