<hr />

## In re House Bill No. 107.

Legislative Questions must be Specific.
Legislative questions propounded to the court must be specific, and they must point out the particular provision of the constitution which the proposed legislation may contravene.

### *Original Proceeding.*

The opinion of the court is in response to the following resolution of the house of representatives:

" Whereas, the question has been raised by certain members of the house of representatives of the state of Colorado as to the constitutionality of house bill No. 107,

" Therefore, resolved, that it is the desire of the house of representatives of the tenth general assembly of the state of Colorado that they have the opinion in writing of the honorable supreme court of the state of Colorado as to the constitutionality of said house bill No. 107, and, if said bill

is not constitutional, it is the desire of this house that the court state in writing wherein said bill is not constitutional."

PER CURIAM.  We are again compelled to call attention to the oft repeated announcement of this court that, as a necessary condition precedent to the exercise of our extraordinary jurisdiction, under section 3, article 6, of the constitution, the question submitted must be specific, and must point out the particular provision of the constitution that, in the judgment of the honorable house, the proposed legislatio.' contravenes.  *In re Irrigation*, 9 Colo. 620; *In re House Bill No. 165*, 15 Colo. 593; *In re Loan of School Fund*, 18 Colo. 195.

*In re House Bill No. 165* we said:

"Should we attempt to give our views upon the constitutionality of the bill submitted, without more specific inquiry, we might devote a great deal of time and space to matters about which the honorable members of the house have no doubts, and still omit to consider the very question or questions upon which our opinion is desired.  When the constitutionality of a statutory enactment is challenged in this court in ordinary litigation, our attention is uniformly directed to some specific constitutional provision, and our opinion is limited accordingly."

In response *In re Eight-Hour Bill*, *ante*, p. 29, we recently said:

"If there is a doubt as to the constitutionality of proposed legislation suggested by any member, such doubt must be occasioned by some particular provision or provisions of the constitution.  This instrument contains hundreds of sections and unless the inquiry be specific the court might spend days and weeks in investigation of provisions that have occasioned no doubt whatever in the minds of the members of the house."

We take this opportunity to restate what was said in the opinion rendered *In re District Attorneys*, 12 Colo. 466:

"We feel constrained to repeat and emphasize the thought heretofore expressed, that the utmost vigilance and caution

be exercised by both the general assembly and the court in acting under this novel constitutional authority. There cannot well be too much moderation in the premises. We note that, in those states which permit consultation with the justices, the privilege seems to be less often invoked than it has been here. The attorney general is the natural as well as the statutory legal adviser of the executive and legislative departments. His counsel should be solicited; and only as a *dernier resort*, upon the most important questions and the most solemn occasions, should the court be requested to act."

It will readily be seen that the question submitted is not in conformity with these requirements, and we are precluded, by the well settled practice, from giving an opinion thereon.