IN RE BILL FOR AN ACT TO ABOLISH THE USE OF SCRIP IN
        PAYMENT FOR LABOR—HOUSE BILL NO. 147.

1. LEGISLATIVE INTERROGATORIES.
The court ought not to be called upon to answer questions touching the
    constitutionality of a bill until the same has at least passed the com-
    mittee of the whole and has assumed the form in which it may be
    finally acted upon.
2. POLICE POWER.
It seems that the legislature may, in the exercise of the police power,
    enact laws necessary to prevent oppression and fraud and for the
    protection of classes of individuals against unconscionable dealings.
    The police power extends to the protection of the lives, health and
    property of citizens and to the preservation of good order and pub-
    lic morals.
3. TITLE OF ACT.
In so far as section three of the bill under consideration undertakes to
    regulate the price at which goods shall be sold to employés for cash,
    it is unwarranted, and not germane to the title.

*Original Proceeding.*

THE opinion of the court was delivered in response to the
following interrogatories submitted by the senate:

"Whereas, there is now pending before the general assem-
bly of the state of Colorado house bill No. 147, which has
passed the house of representatives, and

"Whereas, the constitutionality of said bill has been ques-
tioned by members of the senate, and thereby an important
question upon a solemn occasion has arisen,

"Therefore, be it resolved by the senate of the state of
Colorado that said bill be submitted to the honorable the su-
preme court of Colorado, and said court be and it is hereby
requested to give to this senate its opinion as to the consti-
tutionality of said bill as follows:

"*First:* Is section 1 of said bill in conflict with the bill of
rights, article II. of the constitution of this state, and espe-
cially the following sections of said constitution, viz.: Sec-
tion 1, relating to the good of the whole people. Section 3,

relating to enjoying liberty, acquiring possession and protecting property, etc.  Section 11, relating to the impairment of the obligation of contracts.  Sections 14 and 15, relating to the taking of property without compensation.  Section 25, relating to the deprivation of liberty or property.

" *Second:* Is said section 1 of said bill, especially the last clause thereof, in conflict with the state constitution, article V., section 25, in relation to special or class legislation, as to granting special or exclusive privileges ?

" *Third :* Is section 2 of said bill in conflict with the state constitution, and especially the following articles and sections thereof :

1. Article II., section 11, relating to the impairment of the obligation of contracts.

2. Article V., section 25, relating to special legislation as to regulating the practice in courts of justice.

" *Fourth :* Is section 3 of said bill, and especially that clause or part thereof in relation to the sale of goods or supplies in payment for labor at higher prices than market value, in conflict with any of the sections of said constitution referred to in the first inquiry above made?

" *Fifth :* Are the above mentioned sections of said bill, or any of them, in conflict with the XIV. amendment to the constitution of the United States, section 1, in relation to the abridgment of the privileges and immunities of citizens of the United States, their deprivation of.liberty or property, or the denial of the equal protection of the laws ?

The questions submitted were discussed by Mr. J. WARNER MILLS, Mr. D. C. BEAMAN and Mr. CALDWELL YEAMAN, *amici curiæ.*

PER CURIAM.    The bill submitted with the foregoing interrogatories is entitled " A Bill for An Act to Abolish and Prohibit the Use of Scrip, and to Regulate What is Known as the 'Truck System' in the State of Colorado, and to Provide Penalties and Forfeitures for the Violation of This Act."

The first section makes it unlawful for any person, firm, company or corporation to sell, give or deliver, or in any manner issue directly or indirectly, to any person employed by him or it, in payment of wages due for labor or as advances on the wages of labor not due, any scrip, token, draft, etc., payable or redeemable otherwise than in money ; and provides that any violation of these provisions shall be punished by fine of not less than $25 or more than $100, or by imprisonment, or by both such fine and imprisonment.

By section 3 it is provided, *inter alia*, that :

" Whoever shall sell goods or supplies of any kind directly or indirectly to his employés, or pay the wages of labor of his employés in goods or supplies of any kind, directly or through the intervention of scrip, order or other evidence of indebtedness, at higher prices than the reasonable or current market value in cash of such goods or supplies," shall be liable to certain punishments and penalties designated in the act.

The interrogatories propounded call for an examination and construction of eleven sections of the state, and one section of the federal constitution, and present very important questions, upon which the decisions of the courts of last resort in this country are in irreconcilable conflict. In the limited time at our command, we cannot undertake to range the entire field of constitutional law for the purpose of determining whether the bill may not be obnoxious to some of the objections suggested, other than those hereinafter mentioned, since your honorable body has in no way indicated a purpose to adopt it as now submitted ; but may, as indicated by the friends of the measure on the oral argument, amend the same in very important particulars, the nature of which amendments we cannot now conjecture.

In any event, this court ought not to be called upon to answer questions of this serious character, touching the constitutionality of pending legislation, until the same has at least passed the committee of the whole, and assumed the shape in which it may be finally acted upon. We may, how-

ever, with propriety, say that as at present advised, a majority of the court are of the opinion that the legislature may, in the exercise of the police power, enact laws of this character when necessary to prevent oppression and fraud, and for the protection of classes of individuals against unconscionable dealings.

As we said in *White v. Farmers' High Line Canal & Res. Co.*, 22 Colo. 191: While it is difficult to define the boundaries of the police power, it admittedly extends to the protection of the lives, health and property of the citizens, and to the preservation of good order and the public morals.

We may properly take cognizance of the fact that the most serious disturbances which have occurred in this country for the last twenty-five years have grown out of controversies between employer and employé. No one doubts the authority or questions the duty of the state to interfere with such force as may be necessary to repress such disturbances and maintain the public peace and tranquillity; and as well may the state provide in advance against certain kinds of fraud and oppression, which lead to these outbreaks.

But we all concur in holding the present bill, in some respects, obnoxious to some of the constitutional provisions specified in the interrogatories submitted. For example, in so far as section 3 undertakes to regulate the price at which goods and merchandise shall be sold to employés for cash, it is unwarranted, and not germane to the title. Since this and other objectionable features may be eliminated, as above indicated, we respectfully return herewith the interrogatories submitted.