[No. 4470.]

In Re Senate Resolution No. 7, to Repeal Constitutional Amendments.

1. Constitutional Law—Question from General Assembly—Pending Bill.

The supreme court will not give its opinion in answer to a question propounded by either house of the general assembly as to the validity of a pending measure or any part thereof unless it is shown that the same has at least passed the committee of the whole and that there is a reasonable probability of its passing.

2. Same.

The supreme court will not give its opinion as to the constitutional-

ity of a bill pending before either house of the general assembly unless the resolution or interrogatory submitting the same specifically points out the section or sections of the article or articles of the constitution the pending bill is supposed to contravene.

*Original Proceeding.*

*Question from Senate.*

The opinion of the court is in response to a resolution and interrogatory of the senate. It appears from the resolution of the honorable senate of the thirteenth general sssembly, convened in special session by the governor, that there has been introduced a bill in that body providing for the repeal of an act of the previous regular session whereby there was submitted to the qualified electors of the state amendments to article 10 of the constitution, which act appears at pages 95 and 96 of the Session Laws of 1901. The repeal bill is now pending before the senate upon the report of the constitutional amendment committee upon the question as to whether or not the same shall be printed.

In the proclamation of the governor convening this special session, the following, among other subjects, was included: "Sixth: To recall or rescind any constitutional amendment or amendments now for submission at the next general election."

The question of the senate now submitted for our answer is:

"Under the provision of the governor's call or proclamation above referred to, has this extra session of the thirteenth general assembly any legal right or constitutional authority to recall, repeal, rescind, amend or in any manner affect or modify any of the six constitutional amendments passed by the regular

session of the thirteenth general assembly, and which appear at pages 95 to 115 inclusive of the Session Laws of Colorado 1901."

*Per Curiam.*—A copy of the repeal bill is not attached to the resolution, but we presume that it purports merely to repeal the act which provided for the submission of the amendments in question. Under the established practice in this court, as shown in many reported decisions, we are precluded from answering questions propounded by either house of the general assembly as to the validity of a pending measure, or any part thereof, unless, among other things, it is shown that the same has at least passed the committee of the whole. This bill has not even been printed, much less considered by the honorable senate in committee with a view to ascertain whether or not there is a reasonable probability of its passing in the shape in which it now appears.

For an additional reason, also, we must decline to comply with the request of the senate. It is imperative that in these resolutions our attention be specifically directed to the section or sections of the article or articles of the constitution which the pending legislation is supposed to contravene. The question herein submitted is altogether lacking in this particular, and to attempt to answer it would require an examination of every provision of our constitution, which would be quite impossible within the limits of a legislative session. *In re Loan of School Fund,* 18 Colo. 195; *In re Canal Certificates,* 19 Colo., 63; *In re House Bill 107,* 21 Colo. 32; *In re Scrip Bill,* 23 Colo. 504; *In re House Bill 495,* 26 Colo. 182.

We are constrained, therefore, respectfully to request the honorable senate to withdraw the interrogatory.